IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KELVIN KEITH MURRAY,               )
                                   )
        Petitioner,                )
                                   )
v.                                 ) CIVIL ACTION NO. 02-PT-2512-S
                                   )
DEWAYNE ESTES, Warden;             )
ATTORNEY GENERAL FOR THE           )
STATE OF ALABAMA,                  )
                                   )
        Respondents.               )

**ENTERED**

AUG 2 8 2003

## MEMORANDUM OF OPINION

On July 17, 2003, the magistrate judge allowed petitioner an opportunity to submit an affidavit in support of his request for a court order requiring the Medical Unit at Bullock Correctional Facility to produce his medical records which he alleged were "very relevant" to prove that the limitations period was tolled.  Petitioner was told he should state whether he has been diagnosed with paranoid schizophrenia, whether he was receiving medication for this condition prior to April 24, 1997, whether the medication (or lack thereof) interfered with his ability to file a Rule 32 petition in state court or to seek assistance in filing such a petition, and, if so, how.

In response petitioner submitted an affidavit stating " I do suffer from paranoid schizophrenia, and was also taking medication ... from 1996 to 1997." (Doc. # 19).  He also referred the court to Exhibits A and B previously submitted. (Doc. #18).  Petitioner submitted a Veterans Affairs Rating Decision as Exhibit A.  The decision is relevant only because it states under "reasons and bases" that "On July 15, 1992, a private physician reported a history of paranoid schizophrenia, on medication.  On examination, he was alert and oriented.  Psychiatric condition was stable."



The only evidence before the court then concerning petitioner's paranoid schizophrenia is that the medicine stabilized petitioner's condition and made him "alert and oriented." Petitioner has not alleged or presented evidence that he was unable to file a Rule 32 petition in state court or seek assistance in filing such a petition while receiving treatment with medicine for paranoid schizophrenia. Mental illness will toll a statute of limitations only if "the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), *cert. denied*, 519 U.S. 937 (1996). (emphasis added) Mr. Murray has not shown that his illness in fact prevented him from understanding his legal rights and acting upon them. The period of limitation was not equitably tolled.

Finally, in the Findings and Recommendation, the magistrate judge observed that petitioner had not stated when he received copies of the indictment which he alleges was defective nor had he stated when he first sought copies of the indictments. In his objections (doc. #18), petitioner states

> Petitioner contends that he did not receive the defective indictment until the year 1999, July, after a former application was sought on or about July 1999.
>
> In addition, incompetent Petitioner did not learn of the factual predicate pertaining to the indictment defectiveness until the year of 2001, February.

Mr. Murray concedes that he received the indictment in July of 1999. In the petition, petitioner alleges that "these indictment had (no foreman name or signature)(No indictment number) Any they are not of a TRUE BILL; They only carry the name of the district attorney Samuel Russell." Each alleged defect clearly would have been obvious from the face of the indictment. The date on which the factual predicate of the indictment claim based upon the indictment should have been discovered through the exercise of minimal due diligence shortly after receipt of the indictment in July 1999. Assuming the limitation

2

period did not begin to run on this claim until July 1999, petitioner would have had until July 2000 in which to file his federal habeas petition or toll the limitation period by filing a Rule 32 petition in state court.

Petitioner has failed to establish that the limitation period should be equitably tolled.  The objections are due to be overruled.  A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 28 day of August, 2003.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE